UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS SMITH, *Pro Se*, | ) | Case No. 1:22 CV 92 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| JASON LOWBRIDGE, *et al.*, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendants | ) | AND ORDER |

*Pro se* Plaintiff Douglas Smith filed this action against Jason Lowbridge and Andrew Rivera, two individuals employed at the United States District Court for the Northern District of Ohio, Eastern Division (Doc. No. 1). For the following reasons, this action is dismissed.

**I. BACKGROUND**

Plaintiff has filed this civil rights action under 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights apparently in connection with Plaintiff's attempt to file documents in his criminal case. Plaintiff alleges that when he presented certain documents in the Clerk's Office for filing in his criminal case, court clerks Lowbridge and Rivera advised him that they "did not think Judge Polster would allow [Plaintiff] to file" the documents. (*See* Doc. No. 1 at 2-3; Exhibits B, C, and D) Plaintiff claims that "to date no evidence exists that either pleading appears to have been submitted to the Honorable Court for review." (*Id.*) Plaintiff appears to object to the

"discretion" demonstrated by the Defendants.

## II. STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). And the Court holds a *pro se* complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines*, 404 U.S. at 520). The Court is not required, however, to conjure unpleaded facts or construct claims on a plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

The Court is permitted to conduct a limited screening and to dismiss, *sua sponte*, a fee-paid complaint if it appears that the allegations are so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction)). The requirement "that a plaintiff be given the opportunity to amend does not apply to sua sponte dismissals for lack of jurisdiction pursuant to *Hagans*." *Id.* (citing *Tingler v. Marshall*, 716 F.2d 1109, 1111 (6th Cir. 1983)).

## III. LAW AND ANALYSIS

Judicial officers are absolutely immune from civil suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *Barnes*

*v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). This immunity applies even if the action at issue was performed in error, done maliciously, or was in excess of his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Likewise, this absolute judicial immunity has also been extended to non-judicial officers who perform "quasi-judicial" duties. *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Id.* The fact that an error is made is immaterial. *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). Court clerks and other court officials and employees have therefore been accorded absolute immunity from civil rights actions on claims arising from conduct intrinsically associated with a judicial proceeding. *See, e.g., id.* (court clerk); *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973) (municipal court clerk); *Bush*, 38 F.3d at 847 (court administrator and referee).

The named Defendants in this case are court clerks. The acts about which Plaintiff complains, including docketing pleadings and accepting court filings, are integral parts of the judicial process. This is certainly so if, as alleged, the employees simply instructed the Plaintiff that they thought the Judge presiding in the case would not allow the pleadings he wished to file. These Defendants are therefore entitled to absolute judicial immunity. *See Pelmear v. O'Connor*, No. 3:18-cv-01480, 2018 U.S. Dist. LEXIS 154665, at *24 (N.D. Ohio Sep. 11, 2018).

Accordingly, Plaintiff's Complaint is dismissed.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is dismissed pursuant to *Apple v. Glenn*. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken

in good faith.

    IT IS SO ORDERED.

                                    */s/ SOLOMON OLIVER, JR.*
                                    UNITED STATES DISTRICT JUDGE

March 4, 2022